United States Court of Appeals,

Eleventh Circuit.

No. 95-8784.

Donald B. JACKSON, Plaintiff-Appellant,

v.

Shirley CHATER, Commissioner of Social Security, Defendant-Appellee.

Nov. 20, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-CV-1645-JTC), Jack T. Camp, Judge.

Before BIRCH and CARNES, Circuit Judges, and MICHAEL[*], Senior District Judge.

CARNES, Circuit Judge:

This appeal by the claimant in a social security disability benefits case is not about the claim itself; the claimant has already prevailed on his claim. This appeal concerns the claimant's attempt to have the district court enter judgment in his favor after the completion of an administrative remand ordered by the district court. The district court refused to reopen the case and enter judgment for the claimant following the remand. Although that refusal did not affect the claimant's entitlement to benefits, it did prevent the claimant from filing a timely application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

As will be explained in more detail later, there are two types of social security case remands under 42 U.S.C. § 405(g). In a remand pursuant to the fourth sentence of that provision, called

[*]Honorable James H. Michael, Senior U.S. District Judge for the Western District of Virginia, sitting by designation.

a "sentence-four remand," the district court enters judgment immediately, and an EAJA application should be filed then, because the court loses jurisdiction over the case after entry of a sentence-four remand judgment. The other type of § 405(g) remand is pursuant to the sixth sentence of that provision. With a "sentence-six remand" the district court retains jurisdiction and enters judgment after the remand proceedings are completed. The time for filing an EAJA application, in a sentence-six remand, runs from that postremand judgment entry date in the district court.

Donald Jackson, the disability benefits claimant in this case, appeals the district court's denial of his motion to reopen his case in the district court following a remand to the Commissioner. He contends that the district court erred in holding that its remand had been only a sentence-four remand.

For the reasons that follow, we agree with Jackson that the district court's remand was both a sentence-four and sentence-six remand, and we hold that such a dual basis remand is permissible. We also hold that where the remand is pursuant to both provisions and the claimant prevails at least in part for sentence-six reasons, he is entitled to reopen the case in the district court and have judgment entered there in his favor. The time for filing an EAJA application runs from that later date, instead of from the date on which the judgment remanding the matter was entered.

## I. BACKGROUND AND PROCEDURAL HISTORY

Jackson filed his first application for disability benefits

with the Commissioner of Social Security in 1990. [1] The Commissioner denied his application in 1991. Upon receiving the adverse decision, Jackson requested and was granted a hearing before an administrative law judge ("ALJ"). Jackson appeared *pro se* before the ALJ, who agreed with the Commissioner's decision to deny benefits. Thereafter, Jackson filed a civil action in the district court, seeking judicial review of the Commissioner's denial of benefits.

Jackson's case was heard initially by a magistrate judge. The magistrate judge issued a report and recommendation to the district court, suggesting that Jackson's case be remanded to the Commissioner for reconsideration. The magistrate judge identified two statutory grounds for a remand. First, the ALJ had failed to perform his legal duty to develop a full and fair record at Jackson's hearing. The magistrate judge stated that the ALJ's failure to develop a full and fair record was exemplified by his finding that Jackson possessed residual functional capacity, despite evidence to the contrary. The failure to develop a full and fair record was a sentence-four basis for remand. Second, the magistrate judge recommended that Jackson's case also should be

---

[1]At the time Jackson began seeking social security disability benefits, administrative authority to grant or deny benefits rested with Secretary of the Department of Health and Human Services. *See* 42 U.S.C. § 405 (West 1991) (amended 1994). Today, this authority is bestowed on the Commissioner of Social Security. *See* 42 U.S.C. § 405 (West Supp.1996). The Commissioner is the appellee in this case, and the Secretary is not in any way involved in this appeal. Therefore, to avoid confusion, we treat the initial benefits decisions made in Jackson's case—which were made by the Secretary—as if they were made by the Commissioner. Also, where the case law discusses actions taken by and arguments made by "the Secretary," we substitute "the Commissioner" for clarity and consistency.

remanded because Jackson had new and noncumulative material evidence of deterioration of his back condition, which is a § 405(g) sentence-six reason for remanding a case. The magistrate judge found Jackson had shown good cause for not submitting this evidence in the administrative proceedings, because the evidence of further deterioration did not exist at the time of Jackson's hearing.

On May 5, 1993 the district court issued an order and opinion adopting the magistrate judge's report and recommendation in its entirety, stating that it was "correct in all respects." The court's order specifically mentioned the two grounds for remand suggested by the magistrate judge: the failure to develop the record, and the existence of new evidence. Based on the magistrate judge's recommendations, the district court remanded Jackson's case to the Commissioner. A judgment was entered on the district court's docket the next day, May 6, 1993, reflecting that the court adopted the report and recommendation of the magistrate judge, and that the action was remanded.[2]

On remand, an ALJ reviewed the evidence presented at Jackson's first ALJ hearing, as well as new evidence from medical examinations conducted after the first hearing. Relying upon all the information before him, the ALJ found Jackson did not possess

---

[2]No entry was made on the docket showing service of the judgment to Jackson, and Jackson contends that he never received service. Jackson argues that because he never received actual notice of the judgment, it would be inequitable to use the date judgment was entered to bar his EAJA attorney's fees application. *But see,* Fed.R.Civ.P. 77(d); *Tucker v. Commonwealth Land Title Ins. Co.,* 800 F.2d 1054, 1056 (11th Cir.1986). Because we hold for other reasons that the entry of judgment does not bar Jackson's application, we need not resolve this question.

the residual functional capacity to pursue more than sedentary work. Based on this finding and findings regarding Jackson's skills, experience, and education, the ALJ determined Jackson was disabled and awarded Jackson benefits for the entire period requested in his application.

After winning his disability benefits on remand, Jackson filed a motion to reopen his case in the district court. Jackson wanted to reopen his case so that the court could enter a judgment in his favor, paving the way for Jackson to file an application for attorney's fees under the EAJA. The Commissioner objected to Jackson's motion, contending that the May 6, 1993 judgment of remand was a final judgment. As a final judgment, it triggered the start of the filing period for an EAJA fee application, and, the Commissioner contended, Jackson had missed his one opportunity to file a fee application. According to the Commissioner, after entering the remand order, the district court lost jurisdiction over Jackson's case.

Jackson responded by pointing out language in the remand order indicating that the case was remanded on a sentence-six ground as well as a sentence-four ground. Jackson contended that because a remand based upon sentence six of § 405(g) does not terminate district court jurisdiction, he was entitled to have the district court reopen his case and enter final judgment in his favor. Once that judgment was entered, Jackson could file his EAJA fee application.

Jackson's motion to reopen his case in district court was denied in an order dated June 1, 1995. In that order, the district

court acknowledged that the 1993 remand order "was arguably made pursuant to both sentence four and sentence six" of 42 U.S.C. § 405(g). Nevertheless, the court held that in reality the remand order had been issued on a sentence-four ground only. The district court reasoned that the entry of judgment immediately after the remand order indicated "that the Court did not contemplate the parties returning to court...." The district court cited *Melkonyan v. Sullivan,* 501 U.S. 89, 102, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991) in support of that proposition. Next, the court stated that the entry of judgment would normally indicate that the remand order was a final, appealable order. The court did not explain how the fact that the order was appealable led to a conclusion that the remand order was pursuant to sentence four only, instead of both sentence four and sentence six. Finally, the court noted that the order was partially based on the incorrectness of the ALJ's determination, and for that reason, should be construed as a sentence-four remand. For this proposition, the district court also cited the "language of *Melkonyan.*"

Once the district court held that the 1993 remand order had been made pursuant to sentence four only, the court was required to hold that it no longer had jurisdiction over Jackson's case. It was also required to reject Jackson's EAJA application for attorney's fees as untimely, which it did.

## II. DISCUSSION

Jackson's case is governed by 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner. That section also specifies the actions that the

district court may take with a claimant's case.  One action is to remand the case for reconsideration by the Commissioner, or by an ALJ, if the Commissioner chooses to delegate benefits decisions, as she has.  According to subsection (g), the district court can remand a case for only two reasons.  *See Melkonyan,* 501 U.S. at 99-100, 111 S.Ct. at 2164 (holding that a district court may not use inherent power to remand in a disability benefits case).  One of those reasons is found in sentence four of § 405(g), which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C.A. § 405(g) (West Supp.1996).  To remand under that provision, sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim.

The second reason for remanding a case under § 405(g) is found in sentence six of that subsection.  Sentence six authorizes a district court to remand a case:

> upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C.A. § 405(g) (West Supp.1996).

In this appeal, we must decide whether the district court erred when it held that Jackson's case had been remanded only on a sentence-four basis.  Our consideration of that issue leads us to discuss the Commissioner's contention that the district court lacked authority to remand Jackson's case pursuant to both sentence

four and sentence six of 405(g).  These issues present questions of law over which this Court has *de novo* review.  *See Panama City Medical Diagnostic Ltd. v. Williams,*  13 F.3d 1541, 1545 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994);  *see also United States v. Hurtado,* 779 F.2d 1467, 1472 (11th Cir.1985).

A. THE DISTRICT COURT'S INTERPRETATION OF THE REMAND ORDER

The district court never explicitly held whether a district court is authorized to issue a remand on both sentence-four and sentence-six grounds.  Instead, the court held that it had remanded Jackson's case on sentence-four grounds only.  In reaching that conclusion, the district court noted that an entry of judgment had been made the day after the remand order was issued.  The court then cited the following language from *Shalala v. Schaefer:*

> Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.

509 U.S. 292, 297, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993) (citing *Melkonyan,* 501 U.S. at 99-101, 111 S.Ct. at 2164-65).  The district court's reliance upon that passage is misplaced.  In *Schaefer,* the claimant conceded that the district court had remanded his case pursuant to sentence four of § 405(g);  the claimant had no basis in the facts of that case for contending that the remand was made on other or additional grounds.  After holding that a sentence-four remand cannot be treated as a sentence-six remand for jurisdictional purposes, the *Schaefer* Court discussed how to tell one type of remand from the other.  In *Schaefer* and

*Melkonyan* the Court was not presented with, and did not speak to, the question of whether an entry of judgment requires that a case remanded on both sentence-four and sentence-six grounds be treated solely as a remand on one ground or the other, instead of as a dual basis remand.

It is clear from the record that the district court remanded Jackson's case to the Commissioner on both sentence-four and sentence-six grounds. The remand order states:

> The Magistrate concluded that the ALJ failed to comply with his special duty to develop a full and fair record. Further, because plaintiff has produced new evidence which was noncumulative and material the case should be remanded. Thus, the Magistrate recommended that this case should be remanded to the [Commissioner] so that the record may be further developed and the new evidence may be considered.

Order of May 5, 1993, at 2. The remand to develop a full and fair record in accordance with law is a sentence-four remand. The remand to the ALJ to consider new evidence is a sentence-six remand. Thus, the district court remanded for both reasons.

Even though the remand order contains both grounds, the Commissioner contends the district court's 1993 remand order should be treated as a sentence-four remand only. According to the Commissioner, any remand based partially upon the correctness of the decision by the Commissioner or the ALJ should be treated solely as a sentence-four remand. The district court relied in part on this proposition when it denied Jackson's motion to reopen his district court case. The district court cited *Flores v. Shalala,* 49 F.3d 562, 569 (9th Cir.1995), *Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 174-75 (6th Cir.1994), and *Pettyjohn v. Shalala,* 23 F.3d 1572, 1574-75 (10th Cir.1994) (per

curiam), as persuasive authority.  We conclude that the decisions in *Flores, Faucher,* and *Pettyjohn* are not persuasive as to this appeal, because those cases did not involve dual basis remands.

In *Flores,* the district court had issued a sentence-four remand that it "improperly ... treated" as a sentence-six remand, by failing to enter judgment.  49 F.3d at 569 (citing*Schaefer,* 509 U.S. at 298-99, 113 S.Ct. at 2630).  Unlike the present case, *Flores* was not a dual basis remand case;  the district court in *Flores* merely failed to follow the commands of *Schaefer* to enter judgment after a sentence-four remand.  Therefore, the Ninth Circuit's reasoning in *Flores* is inapplicable in this case, which clearly involves a dual basis remand.

The Sixth Circuit's *Faucher* case is more analogous to this case, but it is also distinguishable.  In *Faucher,* a claimant who had been denied benefits requested that the district court reverse the Commissioner's decision or remand his case on sentence-four (insufficient evidence in the record) and sentence-six (new evidence) grounds.  The district court determined that there was insufficient evidence in the record to support the Commissioner's decision and reversed the Commissioner's denial of benefits.  It also found that the claimant did not have good cause for his failure to present new evidence regarding his disability at the administrative hearing.  The district court concluded that the remand would require the taking of new and additional evidence, but because the claimant could not show good cause for his failure to present the evidence at his first hearing, the district court refused to remand the case to the Commissioner.  Instead, the court

awarded the claimant benefits. *Faucher,* 17 F.3d at 173.

The Sixth Circuit affirmed the district court's reversal of the Commissioner's decision in *Faucher,* but it reversed the district court's grant of benefits. The Court held that the ability of a district court to remand with instructions to hear new evidence does not depend upon the claimant demonstrating good cause for his failure to produce new evidence earlier, so long as a sentence-four ground for remand also exists. The sentence-four ground is enough to send the case back to the Commissioner, and the Commissioner can be required to hear new evidence once the case is remanded, even in the absence of any good cause for not presenting that evidence the first time the case was before the Commissioner. *Id.* at 175.[3]

---

[3]*Faucher* might be seen as a way out of the jurisdictional problem created by dual basis remands. If *Faucher* is correct, the district court could have remanded Jackson's case under sentence four, while also instructing the Commissioner to hear Jackson's new evidence while the case is on remand. The *Faucher* procedure seems to allow the same result as the dual basis remand in this case: the Commissioner is required to correct the substantive error and to hear new evidence. Yet, *Faucher* 's approach is problematic.

The *Faucher* Court held that a district court may order the Commissioner to hear new evidence on remand, even though the sentence-six requirements are not met, so long as the court's remand order contains a valid sentence-four ground for remand. We are not sure that Congress intended for claimants to be able to bring in new evidence without good cause, merely because the Commissioner (or the ALJ) committed an error in the first hearing. Congress provided for the Commissioner to hear new evidence only under sentence six, which states explicitly that a district court may only order additional evidence to be heard if the claimant demonstrates good cause for failing to produce the evidence earlier. *See* 42 U.S.C. § 405(g). Thus, *Faucher* may give claimants more opportunities to bring in new evidence than Congress intended. Maybe not.

At the same time, the *Faucher* approach also takes away

In *Faucher,* a sentence-six remand was not entered, because the claimant could not meet the good cause standard. Thus, the Sixth Circuit was not presented with a dual basis remand situation. Although the Court did hold that the district court's ruling on the correctness of the Commissioner's decision showed that a sentence-four remand was appropriate, instead of a sentence-six remand, the Court did not address or consider whether a district court could issue a dual basis remand. *Faucher* does not hold that, where both bases for a remand exist, the district court should ignore either one. Therefore, *Faucher* does not persuade us to "interpret" the 1993 remand order in this case as a sentence-four remand only.

In *Pettyjohn,* the Tenth Circuit held that the district court's remand was based on the correctness of the Commissioner's decision, and, therefore, the remand was made pursuant to sentence four. 23 F.3d at 1575. The Commissioner asks us to construe *Pettyjohn* to

from claimants (such as Jackson) who can show good cause, some of the benefits of a sentence-six remand. A sentence-six remand requires the parties to return to the district court following the remand proceedings, so that the court may review the agency's additional or modified findings of fact and enter judgment in favor of one party. *See* 42 U.S.C. § 405(g); *Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163. The requisite filing of the findings of fact in the district court is important for two reasons: (1) it acts as an additional check on the Commissioner, and (2) it produces another judgment by a court, which is relevant for determining the filing window for an EAJA attorney's fees application. The *Faucher* approach apparently fails to require the parties to return to court after the Commissioner hears new evidence, as the statute requires.

In any event, we need not decide whether to adopt the *Faucher* approach, because in this case—in contrast to the facts of *Faucher*—the district court clearly entered a dual basis remand.

hold that any remand based partly upon the correctness of the Commissioner's decision must be construed solely as a sentence-four remand. We interpret the *Pettyjohn* decision to say something less remarkable. *Pettyjohn* merely holds that because the Commissioner's error was the only basis for remand in that case, the district court could only have remanded under sentence four. *See Melkonyan,* 501 U.S. at 99-101, 111 S.Ct. at 2163-65. We know that the holding in *Pettyjohn* is not any broader than that, because the district court in *Pettyjohn* only remanded the claimant's case on the sentence-four ground. *See Pettyjohn v. Sullivan,* 801 F.Supp. 503, 507 (W.D.Okl.1992) (holding that new evidence had been "absent from the issues being resolved" in the action for judicial review). Because the Tenth Circuit in *Pettyjohn* was not presented with anything more than a simple sentence-four remand, it could not have held that any remand based partly on the correctness of the Commissioner's decision (such as a dual basis remand) must be construed solely as a sentence-four remand. *Pettyjohn* 's actual holding presents no obstacle to Jackson's argument that his remand should be understood as both a sentence-four and a sentence-six remand.

In sum, we are not convinced that a § 405(g) remand on both sentence-four and sentence-six grounds should be treated as anything other than what it is, a dual basis remand, unless the statute or binding precedent forbids a remand on both bases. We turn now to that question.

B. THE POSSIBILITY FOR DUAL BASIS REMANDS UNDER 42 U.S.C. § 405(g)

The Commissioner contends that the Supreme Court's decisions

in *Melkonyan* and *Schaefer,* and our decision in *Newsome v. Shalala,* 8 F.3d 775 (11th Cir.1993), forbid a district court from remanding a case under both sentence four and sentence six of § 405(g). As the Commissioner demonstrates in her brief, those three decisions differentiate between sentence-four and sentence-six remands both as to the requirements for a remand and as to the running of the EAJA attorney's fees application deadline. Those decisions also state that a sentence-four remand terminates district court jurisdiction over a case, while a sentence-six remand continues jurisdiction in the district court. Based on that distinction, the Commissioner asserts that logically a court cannot remand a single case on both bases.

Insofar as the Commissioner argues that sentence four and sentence six of § 405(g) provide for remands with different purposes and different jurisdictional effects, she is correct. In essence, a sentence-four remand is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits. A sentence-four remand has been construed to be a final and appealable order. *See Sullivan v. Finkelstein,* 496 U.S. 617, 625-26, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). A judgment of remand on sentence-four grounds is a final judgment under the EAJA, and it usually starts the EAJA attorney's fees application filing period running.[4] *Melkonyan,* 501 U.S. at 102,

---

[4]According to the EAJA, the application must be filed within thirty days of the time the judgment is final and no longer appealable. 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G). A judgment against a federal officer is appealable by that officer for sixty days after entry of the judgment. *See* Fed.R.App.P. 4(a)(1). Thus, an EAJA applicant seeking fees incurred after the wrongful denial of disability benefits has ninety days (sixty plus thirty)

111 S.Ct. at 2165. By the same token, the district court's entry of judgment after a sentence-four remand terminates district court jurisdiction over the claimant's case. *See Schaefer,* 509 U.S. at 299, 113 S.Ct. at 2630 (holding that a district court may not retain jurisdiction over a case remanded pursuant to sentence four).

A sentence-six remand differs from a sentence-four remand in both purpose and jurisdictional effect. A sentence-six remand does not result from any error by the Commissioner. A sentence-six remand is warranted even in the absence of any error by the Commissioner if new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at his original hearing. *See* § 405(g). In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to district court to file additional or modified findings of fact after the new evidence is heard. *Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163. Because the parties must return to district court after the remand proceedings to file the Commissioner's findings of fact, the district court retains jurisdiction over the case throughout the remand proceedings. *Id.* at 98-99, 111 S.Ct. at 2163-64. Thus, unlike a sentence-four remand, a sentence-six remand is not a final judgment under the EAJA, and the window for filing an EAJA fee application does not open until judgment is entered in the district court following completion of the remand proceedings. *Id.* at 102, 111 S.Ct. at

---

to file his application, if the Commissioner does not appeal the district court's judgment.

2165.

The Commissioner contends that the differences between the two types of remands, especially the different times at which district court jurisdiction is terminated, prevent a district court from simultaneously ordering both types of remand. She argues that the district court must choose between remanding under sentence four which terminates its jurisdiction over the case, and remanding under sentence six which continues its jurisdiction. By contrast, it is the position of claimant Jackson that the district court was not required to choose between a sentence-four remand and a sentence-six remand. Instead, where both grounds for remand exist, as they did in this case, the district court properly could rely on both grounds.

If the statute forbade a dual basis remand, we would follow that direction. But nothing in the statute indicates that a court cannot remand the same case for both statutory reasons at one and the same time. Not only does the statute not forbid a dual basis remand, the Commissioner has not put forward a good policy reason for doing so, either. Policy justifications actually point the other way. Suppose the ALJ clearly commits an error in the course of considering the evidence presented, and just as clearly there is also some new evidence that the claimant is entitled to have presented and considered, apart from any error by the ALJ. Why is the district court required to correct only half of the problem? Why should the district court not remand for both purposes, in order to get everything right in one proceeding, instead of having two remand proceedings? The answer, according to the Commissioner,

is that the case law makes a dual basis remand impossible.  We disagree.

The Commissioner relies upon the Supreme Court's decision in *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).  In that case, the Supreme Court did discuss the two types of remand permitted under § 405(g), but the Court did not hold that a district court must choose between a sentence-four or a sentence-six remand.  When the Court stated in *Melkonyan* that "these [sentence-four and sentence-six] remands were the only kinds of remands permitted under the statute", 501 U.S. at 99, 111 S.Ct. at 2163, the Court was not forbidding a dual basis remand. Instead, the Court was rejecting the assertion that § 405(g) did not limit the inherent power of the district court to remand cases to the agency.  The Supreme Court explained that Congress wanted to curtail district court power to remand social security cases. Therefore, it amended § 405(g) to restrict remand grounds to those listed in the statute.  501 U.S. at 99-100, 111 S.Ct. at 2163-64. What the *Melkonyan* decision holds is that where Congress amends a statute to provide for a remand on grounds A and B, a court may not remand on ground C.  But that does not mean that a court cannot simultaneously remand for both grounds A and B.  *Melkonyan* does not forbid dual basis remands.

The Commissioner also argues that dual basis remands are forbidden, or at least illogical, under *Shalala v. Schaefer,* 509 U.S. at 292, 113 S.Ct. at 2625, and *Newsome v. Shalala,* 8 F.3d 775 (11th Cir.1993).  Although the *Schaefer* Court did not address the effect a dual basis remand would have on a district court's

jurisdiction, the Commissioner contends that *Schaefer* nonetheless determines the result of the present case. She reasons that *Schaefer* is a clear command that entry of the judgment remanding the case cuts off jurisdiction, and that no exception may be made to this rule. The Commissioner also contends it would be illogical to allow dual basis remands after *Schaefer,* because a district court cannot both retain jurisdiction and terminate jurisdiction at the same time. We disagree.

In *Schaefer,* the Supreme Court addressed the interaction between § 405(g) and the EAJA in the context of a pure sentence-four remand case. The district court in *Schaefer* had remanded the claimant's case pursuant to sentence-four only, but the court had failed to enter judgment following the remand. The claimant argued that the remand order did not constitute a "final judgment" from which the EAJA application period could be measured. The claimant further contended that the district court was not required to enter judgment following the remand. *See Schaefer,* 509 U.S. at 296-97, 113 S.Ct. at 2629.

The Supreme Court rejected the claimant's arguments and held that the district court must enter judgment after ordering a sentence-four remand, because the text of § 405(g) requires that a judgment be entered at that time. *See id.; see also* 42 U.S.C. § 405(g). The *Schaefer* court also held that, where a district court orders a sentence-four remand and enters judgment, the judgment remanding the case must be considered the "final judgment" from which the EAJA application period is measured. 509 U.S. at 297-98, 113 S.Ct. at 2629. An EAJA application must be filed "within

thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (West 1994). A "judgment" may only be entered by a court. *Melkonyan,* 501 U.S. at 96, 111 S.Ct. at 2162. Thus, in a sentence-four remand case, the judgment remanding the case must be considered the "final judgment" for EAJA purposes. If the judgment remanding the case were not the "final judgment," EAJA fees might not be awarded for any part of a sentence-four remand, because it may turn out that no other judgment by a court will be entered in the case. *Schaefer,* 509 U.S. at 297-98, 113 S.Ct. at 2628-29. That is the situation *Schaefer* addressed. We applied the rules of *Schaefer* to a sentence-four remand case in *Newsome. See* 8 F.3d at 779-80.

A different situation is presented in a dual basis remand case. In such a case, jurisdiction continues despite the entry of judgment remanding the case, because the sentence-six part of the remand requires the parties to return to district court. *See Melkonyan,* 501 U.S. at 102, 111 S.Ct. at 2165. Moreover, the judgment remanding the case need not constitute the final judgment for EAJA purposes, because after the remand proceedings the parties must return to court, and the court must enter another judgment terminating the case insofar as it concerns the sentence-six remand grounds. Those distinctions make a dual basis remand materially different from a remand based on sentence-four grounds alone. Therefore, *Schaefer* 's analysis of sentence-four remands does not foreclose remands based upon both sentence-four and sentence-six grounds.

The Commissioner contends that a dual basis remand would be

illogical under *Schaefer,* even if that decision does not expressly forbid such a remand, as we hold it does not. Once again, we disagree with the Commissioner. It is true that a district court cannot simultaneously terminate and retain jurisdiction over a case, but what happens with a dual basis remand is that the district court retains jurisdiction over the case pursuant to sentence six of § 405(g). The statute provides that a district court must retain jurisdiction over a case remanded for consideration of additional evidence. The entry of judgment remanding the case does not end the jurisdiction of the district court, so long as a sentence-six ground for remand is included in the remand order. The entry of judgment at the time the case has been remanded reflects the fact that the case has been remanded on sentence-four grounds as well. *Schaefer* 's holding—that jurisdiction ends in district court after a remand based on sentence-four grounds alone—does not make the district court's retention of jurisdiction in a dual basis remand case illogical or improper.

C. APPLYING FOR EAJA FEES IN A DUAL REMAND CASE

The Commissioner argues that a dual basis remand cannot exist, because it is unworkable under the EAJA framework laid out by the Supreme Court in *Melkonyan* and *Schaefer.* We disagree. In a dual basis remand case, the entry of judgment pursuant to sentence four in conjunction with the remand order constitutes a final judgment, *i.e.,* a judgment which is a final order of the

district court. *See Melkonyan,* 501 U.S. at 96, 111 S.Ct. at 2162.[5]

Furthermore, the claimant is a prevailing party entitled to seek fees under the EAJA; the claimant prevails by obtaining a remand for reconsideration of his case by the Commissioner (or the ALJ). *Schaefer,* 509 U.S. at 300-01, 113 S.Ct. at 2631. Because the entry of judgment remanding the case on dual grounds is a final judgment, a claimant who achieves such a remand can file an EAJA application for fees within thirty days of the time the entry of judgment of remand is final and no longer appealable. *See* 28 U.S.C. § 2412(d).

Jackson is not barred from filing his EAJA application, however, even though he did not file it soon after the entry of the judgment remanding the case. We hold that in a dual basis remand case, where the award of benefits on remand is not based solely upon sentence-four reasons, the claimant may file his EAJA application after the judgment is entered in his favor following the remand proceedings. The claimant can do that, because the second entry of judgment constitutes a final judgment from which the opening and closing of the EAJA filing period may be measured. The EAJA also requires the applicant to be a prevailing party. Because Jackson succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and Jackson will be a prevailing party under that

---

[5]Because the entry of judgment is a final order of the district court, the district court's determination that the Commissioner committed a substantive error may be immediately appealed to this Court. *Sullivan v. Finkelstein,* 496 U.S. 617, 625-26, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). Where the Commissioner does appeal, the remand should be stayed until the completion of that appeal, so that piecemeal litigation may be avoided.

judgment.  Jackson may file his EAJA application for attorney's

fees within the prescribed time period after his case is reopened

and judgment is entered in his favor.[6]

---

[6]It follows from what we have held that in a dual basis
remand case, the claimant would be wise to file an EAJA
application at the time of remand to cover any fees earned and
costs incurred up to that point in obtaining the sentence-four
part of the remand.  If the claimant prevails on remand in part
due to the sentence-six reason for the remand, any fees and costs
to which the claimant might be entitled as a result of those
proceedings could be covered by an amendment to the EAJA
application filed after the case returns to the district court
following remand.

During oral argument, counsel for the claimant informed
us of a practice, apparently common in some courts.  Under
that practice, an EAJA application, filed after a
sentence-four remand order is entered, is held in abeyance
and subject to amendment.  After the completion of the
sentence-four remand proceedings, if the claimant is
successful, he is allowed to amend the earlier EAJA
application to cover fees and costs of the remand
proceedings.  This practice is forbidden by Supreme Court
precedent in cases involving only a sentence-four remand.
The Supreme Court has held that the expiration of the time
to appeal a judgment remanding a case under sentence four
starts the EAJA application period, and district court
jurisdiction over an EAJA application terminates when the
filing period concludes.  *See Schaefer,* 509 U.S. at 298-99 &
n. 4, 113 S.Ct. at 2631 & n. 4.  Thus, the district court
has no jurisdiction to act on the EAJA application after the
sentence-four remand proceedings are finished.  But a
different situation is presented in a sentence-six remand
case.  *Schaefer* appears to tolerate the practice of amending
EAJA applications in sentence-six remand cases, because the
court must retain jurisdiction over the case during remand
proceedings, anyway.  *See id.*  Because a dual basis remand
contains a sentence-six prong, which continues district
court jurisdiction during the remand proceedings, we see no
reason why a claimant could not file an EAJA application
soon after a dual basis remand order is entered, and then
amend it after the remand proceedings are completed and the
case returns to district court.

However, we reiterate that Jackson was not required to
follow that practice here in order to meet the requirements
of the EAJA, because he succeeded on remand in regard to the
sentence-six prong.  Jackson prevailed on remand in part due
to the ALJ's consideration of new evidence, and Jackson was
entitled to have the district court enter a final judgment

### III. CONCLUSION

To summarize, after reviewing § 405(g) and the applicable case law, we agree with Jackson that if both sentence-four and sentence-six grounds for remand exist in a disability case, the case may be remanded on both grounds. District court jurisdiction over the case continues after the entry of the remand judgment as a result of the sentence-six prong of the remand. If a claimant achieves a remand on both sentence-four and sentence-six grounds, and thereafter succeeds on remand in part due to the sentence-six ground, the claimant may return to district court to request entry of judgment after remand proceedings have been completed. In such a case, the claimant may wait until the postremand judgment is entered before filing his EAJA application.

We VACATE the district court's order denying Jackson's motion to reopen his case. We REMAND this case with instructions for the district court to reopen Jackson's case, enter judgment in his favor, and allow him to file an application for attorney's fees and costs if he does so in a timely fashion after the entry of that judgment.

---

in his favor after remand proceedings, as in any sentence-six remand case. Once the district court enters judgment in Jackson's favor, Jackson will be a prevailing party under the EAJA. Thus, Jackson will be allowed to file his EAJA application for all fees and costs incurred in challenging the Commissioner's denial of benefits. Of course, any award under EAJA is subject to the proviso that there will be no award where "the court finds that the position of the United States was substantially justified...." 28 U.S.C.A. § 2412(d)(1)(A) (West 1994).