IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

ELIZABETH ANN VANDIVNER, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Action No.: 1:19-cv-691-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

On March 3, 2020, the Commissioner filed an Unopposed Motion for Entry of 
Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant (Doc. 
10) for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). 
The Commissioner states that remand is necessary so that the Agency may “reevaluate 
Plaintiff’s impairments to determine whether her severe impairments meet or equal a 
Listing, evaluate all opinion evidence of record; re-assess Plaintiff’s residual functional 
capacity; proceed through the sequential evaluation process as needed and appropriate 
based on the updated record; take any further action to complete the administrative record 
and issue a new decision.” (Doc. 10) at 2. 
Sentence four of 42 U.S.C. § 405(g) authorizes the district court to “enter, upon the 
pleadings and transcript of the record, a judgment affirming, modifying, or reversing the 
decision of the Commissioner of Social Security, with or without remanding the cause for 
a rehearing.” 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner 
for a rehearing if the court finds “either . . . the decision is not supported by substantial 
evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the 
disability claim.” Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). 
In this case, the Court finds reversal and remand necessary as Defendant concedes 
reconsideration and further development of the record is in order. Furthermore, Plaintiff 

does not oppose the motion. Accordingly, it is 
ORDERED that the Commissioner’s Unopposed Motion for Entry of Judgment 
Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant (Doc. 10) be and 
hereby is GRANTED. It is further 
ORDERED AND ADJUDGED that the decision of the Commissioner be and is 

hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for 
further proceedings. Finally, it is 
ORDERED that, in accordance with Bergen v. Comm’r of Soc. Sec., 454 F.3d 1273, 
1278 n.2 (11th Cir. 2006), the plaintiff shall have ninety (90) days after she receives notice 
of any amount of past due benefits awarded to seek attorney’s fees under 42 U.S.C.§ 

406(b). See also Blitch v. Astrue, 261 F. App’x 241, 241 n.1 (11th Cir. 2008). 
Done this 23rd day of March, 2020. 

 /s/ Stephen M. Doyle 
 UNITED STATES MAGISTRATE JUDGE 

 2