IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

STACEY GAITHER, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Action No.: 3:19-cv-726-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

On March 10, 2020, the Commissioner filed an Unopposed Motion for Entry of 
Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant (Doc. 
13) for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). 
The Commissioner states that remand is necessary so that the Agency may remand the case 
to an administrative law judge who can update the medical record, obtain supplemental 
evidence, and take any further action necessary to complete the administrative record. 
(Doc. 14). 
Sentence four of 42 U.S.C. § 405(g) authorizes the district court to “enter, upon the 
pleadings and transcript of the record, a judgment affirming, modifying, or reversing the 
decision of the Commissioner of Social Security, with or without remanding the cause for 
a rehearing.” 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner 
for a rehearing if the court finds “either . . . the decision is not supported by substantial 
evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the 
disability claim.” Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). 
In this case, the Court finds reversal and remand necessary as Defendant concedes 
reconsideration and further development of the record is in order. Furthermore, Plaintiff 
does not oppose the motion. (Doc. 18). Accordingly, it is 

ORDERED that the Commissioner’s Unopposed Motion for Entry of Judgment 
Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant (Doc. 13) be and 
hereby is GRANTED. It is further 
ORDERED AND ADJUDGED that the decision of the Commissioner be and is 
hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for 

further proceedings. Finally, it is 
ORDERED that, in accordance with Bergen v. Comm’r of Soc. Sec., 454 F.3d 1273, 
1278 n.2 (11th Cir. 2006), the plaintiff shall have ninety (90) days after she receives notice 
of any amount of past due benefits awarded to seek attorney’s fees under 42 U.S.C.§ 
406(b). See also Blitch v. Astrue, 261 F. App’x 241, 241 n.1 (11th Cir. 2008). 

Done this 25th day of March, 2020. 

 /s/ Stephen M. Doyle 
 STEPHEN M. DOYLE 
 UNITED STATES MAGISTRATE JUDGE 

 2