IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

GREGORY HEARD, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Action No.: 3:19-cv-913-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

On April 27, 2020, the Commissioner filed an Unopposed Motion for Entry of 
Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to 
Defendant (Doc. 13) for further administrative proceedings pursuant to sentence four of 42 
U.S.C. § 405(g). The Commissioner states that remand is necessary so that the Appeals 
Council may “instruct the administrative law judge (ALJ) to reevaluate the persuasiveness 
of the prior administrative finding under 20 C.F.R. §§ 404.1520c and 416.920c, including 
providing specific discussion of the factors of consistency and supportability; reevaluate 
Plaintiff’s residual functional capacity; as necessary, obtain supplemental evidence from a 
vocational expert; and issue a new decision..” (Doc. 13) at 1. 
Sentence four of 42 U.S.C. § 405(g) authorizes the district court to “enter, upon the 
pleadings and transcript of the record, a judgment affirming, modifying, or reversing the 
decision of the Commissioner of Social Security, with or without remanding the cause for 
a rehearing.” 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner 
for a rehearing if the court finds “either . . . the decision is not supported by substantial 
evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the 
disability claim.” Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). 
In this case, the Court finds reversal and remand necessary as Defendant concedes 
reconsideration and further development of the record is in order. Furthermore, Plaintiff 

does not oppose the motion. Accordingly, it is 
ORDERED that the Commissioner’s Unopposed Motion for Entry of Judgment 
Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant (Doc. 
13) be and hereby is GRANTED. It is further 
ORDERED AND ADJUDGED that the decision of the Commissioner be and is 

hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for 
further proceedings. Finally, it is 
ORDERED that, in accordance with Bergen v. Comm’r of Soc. Sec., 454 F.3d 1273, 
1278 n.2 (11th Cir. 2006), the plaintiff shall have ninety (90) days after she receives notice 
of any amount of past due benefits awarded to seek attorney’s fees under 42 U.S.C.§ 

406(b). See also Blitch v. Astrue, 261 F. App’x 241, 241 n.1 (11th Cir. 2008). 
Done this 27th day of April, 2020. 

 /s/ Stephen M. Doyle 
 UNITED STATES MAGISTRATE JUDGE 

 2