[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14575
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-01944-MHH

TAMMY JEANEASE REEVES,

                                                      Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 2, 2020)

Before MARTIN, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this social security case, Tammy Reeves appeals the district court's order denying Reeves's motion -- under sentences four and six of 42 U.S.C. § 405(g) -- to remand her case to the Commissioner of Social Security.  No reversible error has been shown; we affirm.

I.    Background

In September 2014, Reeves applied for a period of disability, disability insurance benefits, and supplemental security income.  In support of her claim of disability Reeves submitted, in pertinent part, the opinions of two one-time consultative medical examiners: (1) an October 2012 opinion of Dr. P and (2) a June 2013 opinion of Dr. T.

The Administrative Law Judge ("ALJ") held a hearing on Reeves's claim of disability.  In February 2017, the ALJ denied Reeves's applications for benefits. The ALJ noted that Reeves had four severe impairments: degenerative disc disease, degenerative joint disease, obesity, and depression.  The ALJ then determined that Reeves had the residual functional capacity ("RFC") to perform

2

sedentary work with certain limitations.  Considering Reeves's age, education, work experience, and RFC (together with the vocational expert's testimony), the ALJ found that Reeves could perform work in the national economy and, thus, was not disabled.  The ALJ summarized the opinions of Drs. P and T but afforded those opinions little weight: the opinions were unsupported by objective medical evidence in the record.

The Appeals Council denied Reeves's request for review of the ALJ's 2017 decision.  Reeves then sought review in the district court, Reeves claimed that the ALJ's 2017 decision was not based on substantial evidence.  Reeves argued that the ALJ (1) failed to consider adequately Reeves's testimony that her medications made her drowsy; (2) failed to state with sufficient clarity the grounds for affording little weight to the opinions of Drs. P and T; and (3) posed a hypothetical question to the vocational expert that failed to reflect Reeves's drowsiness or the limitations supported by the opinions of Drs. P and T.

While Reeves's appeal was pending in the district court, Reeves moved to remand the case to the Commissioner pursuant to sentences four and six of section 405(g).  Reeves asserted that a sentence-four remand was warranted because the ALJ had "repudiated" the medical opinions of Drs. P and T and, thus, the ALJ's decision was unsupported by substantial evidence.  Reeves also asserted that a

3

sentence-six remand was warranted based on new evidence: (1) a March 2019 favorable ALJ decision finding Reeves disabled as of 13 October 2017; and (2) a 2018 medical opinion of Dr. O.

In September 2019, the district court issued the order that is the subject of this appeal. The district court first denied Reeves's motion to remand. The district court then reviewed the ALJ's 2017 decision on the merits and determined that the ALJ's denial of benefits was supported by substantial evidence in the record.

Reeves now appeals the district court's decision. In her appellate brief, Reeves raises no challenge to the ALJ's 2017 denial of benefits or to the district court's determination that substantial evidence supported the ALJ's 2017 decision. Reeves, instead, challenges only the district court's denial of her motion to remand.

II.     Discussion

We review de novo the district court's decision. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007).

Under 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision in a social security case has available two methods -- under

"sentence four" and under "sentence six" -- for remanding a case to the Commissioner.  Ingram, 496 F.3d at 1261.

### A.    Sentence-Four Remand

Sentence four of section 405(g) authorizes the district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  To remand under sentence four, "the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim."  Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996).  A sentence-four remand order must "accompany a final judgment affirming, modifying, or reversing the administrative decision." Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991).

On appeal, Reeves argues that the district court committed a legal error by assuming that the court lacked authority to remand under sentence four absent a final judgment.  We disagree.  In denying Reeves's motion for a remand under sentence four, the district court said these words: "Reeves asks the Court to remand

5

before reaching a substantive decision, so sentence four does not provide a vehicle for remand."  The district court's statement -- that a sentence-four remand is unavailable without a substantive decision on the merits -- is correct as a matter of law.  See id.

Reeves also asserts that she in fact sought a sentence-four remand in conjunction with a substantive ruling on the ALJ's denial of benefits.  To the extent the district court misconstrued the relief sought by Reeves, however, Reeves has still failed to establish that a sentence-four remand was warranted in this case.

The district court addressed the merits of Reeves's arguments challenging the ALJ's 2017 decision.  The district court determined that the ALJ's 2017 decision was supported by substantial evidence: a determination Reeves has not challenged on appeal.  Nor has Reeves (in the district court or in this Court) contended that the ALJ or the Commissioner applied incorrectly the applicable law.  Absent a conclusion that the ALJ's decision was unsupported by substantial evidence or that the ALJ applied incorrectly the law, Reeves was unentitled to a sentence-four remand.  See Jackson, 99 F.3d at 1092.

6

*B.*     *Sentence-Six Remand*

Under sentence six of section 405(g), a district court may remand a case to the Commissioner for consideration of newly discovered evidence.  To obtain a remand under sentence six, a claimant must demonstrate that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."  Hunter v. Comm'r of Soc. Sec. Admin., 808 F.3d 818, 821 (11th Cir. 2015) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

The district court denied Reeves's motion for a sentence-six remand based on new evidence.  First, the district court explained -- correctly -- that the ALJ's 2019 favorable benefits determination constituted no new evidence for purposes of section 405(g).  We have said that a later favorable ALJ decision constitutes no new and material evidence warranting a sentence-six remand.  Id. at 822 (explaining that "the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised.").

7

The district court also determined that Dr. O's 2018 medical opinion -- that Reeves was disabled in January 2018 and that her conditions had worsened -- was no material evidence warranting a sentence-six remand because nothing indicated that Reeves's functional impairments (observed by Dr. O in 2018) existed before the ALJ's 2017 decision. In reviewing an ALJ's decision about whether a claimant is entitled to benefits, we consider only evidence of the claimant's condition before the date of the ALJ's decision. See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (explaining that a doctor's opinion about the claimant's condition one year after the ALJ's decision was not probative of whether the claimant was disabled during the pertinent time). Nothing evidences (nor does Reeves argue) that the functional limitations observed by Dr. O in 2018 existed before February 2017. The district court thus determined correctly that Dr. O's 2018 opinion was not pertinent to the ALJ's 2017 determination about whether Reeves was disabled.

We conclude that a remand under either sentence four or sentence six was not warranted in this case; we affirm.

AFFIRMED.