IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

A’SAILA THOMAS, ) 
 ) 
Plaintiff, ) 
 ) 
v. ) Case No. 3:20-cv-325-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
Defendant. ) 
 MEMORANDUM OPINION AND ORDER 
On November 17, 2020, the Commissioner filed an Unopposed Motion for Entry of 
Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand to 
Defendant (Doc. 21) for further administrative proceedings pursuant to sentence four of 42 
U.S.C. § 405(g). The Commissioner states that remand is necessary so that the 
Administrative Law Judge can take “further action needed to complete the administrative 
record and issue a new decision.” (Doc. 22, p. 1). 
Sentence four of 42 U.S.C. § 405(g) authorizes the district court to “enter, upon the 
pleadings and transcript of the record, a judgment affirming, modifying, or reversing the 
decision of the Commissioner of Social Security, with or without remanding the cause for 
a rehearing.” 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner 
for a rehearing if the court finds “either . . . the decision is not supported by substantial 
evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the 
disability claim.” Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). 
In this case, the Court finds reversal and remand necessary, as the Commissioner 
concedes that reconsideration and further development of the record are in order. 
Furthermore, Plaintiff does not oppose the Motion. Accordingly, it is: 
ORDERED that the Commissioner’s Unopposed Motion for Entry of Judgment 
Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand to Defendant (Doc. 

21) is GRANTED. It is further: 
ORDERED AND ADJUDGED that the decision of the Commissioner is 
REVERSED and that this case is REMANDED to the Commissioner for further 
proceedings. Finally, it is: 
ORDERED that, in accordance with Bergen v. Comm’r of Soc. Sec., 454 F.3d 1273, 

1278 n.2 (11th Cir. 2006), the plaintiff shall have 90 days after she receives notice of any 
amount of past due benefits awarded to seek attorney’s fees under 42 U.S.C.§ 406(b). See 
Blitch v. Astrue, 261 F. App’x 241, 241 n.1 (11th Cir. 2008). 
Done this 20th day of November, 2020. 

 /s/ Stephen M. Doyle 
 CHIEF UNITED STATES MAGISTRATE JUDGE 

 2