[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14096

Non-Argument Calendar

_____

STACY ALRED WEDDINGTON,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00780-LCB

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Stacey Weddington applied for social security benefits and was denied. So Weddington appealed—first to the administrative Appeals Council, then to a federal district court, and now, finally, to this Court. Both the Appeals Council and the district court determined that denial of Weddington's application was proper. We agree and therefore affirm.

## I.

Weddington, who suffers from back pain, filed an application for supplemental social security benefits five years ago. Her application alleged that she became disabled, and therefore unable to work, on January 1, 2017. When her claim was denied, Weddington requested a hearing before an administrative law judge.

In 2019, the administrative law judge issued his decision that Weddington was "not disabled" and therefore did not qualify for supplemental benefits. Applying the evaluation process required by the Social Security Administration, the administrative law judge determined that Weddington was not engaged in "substantial gainful activity" and that she had "severe impairments" including "dysfunction of major joints, DDD, anxiety, obsessive compulsive disorder, depression, bipolar, substance addiction disorder (drugs), personality disorder[,] and trauma stressor related disorder." Nevertheless, he explained, Weddington did "not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments" in the relevant portion of the regulations guiding his inquiry. *See* 20 C.F.R. Part 404, Subpart P, App'x 1; *see also id.* §§ 426.920(d), 426.925, 426.926. And while he acknowledged that Weddington could not perform any past relevant work, he found that she could perform jobs that "exist in significant numbers in the national economy," including housekeeping, office work, and small product assembly. The administrative law judge therefore concluded that Weddington was not disabled.

Dissatisfied with this outcome, Weddington requested review by the Appeals Council. She also provided additional evidence to support her request for benefits, including three documents relevant to this appeal. First, Weddington submitted a "Mental Health Source Statement" issued by Dr. Thomas Savage of Go Medical Group on August 16, 2019—a single-page form consisting of 12 questions, most of which are answered only with a simple "yes" or "no." Second, she submitted a "Physical Capacities Form," another one-page document of simple questions answered by Dr. Savage on August 16. And third, she submitted a report detailing an MRI she had received of her lumbar spine in July 2019.

The Appeals Council denied Weddington's request for review. It explained that while Weddington had submitted additional evidence, including the three documents described above, that evidence did not "show a reasonable probability that it

would change the outcome" of the administrative law judge's decision.

Not to be deterred, Weddington next filed a complaint in federal district court. There, she argued that the Council's decision to deny review was "not based on substantial evidence" in light of the additional evidence she had submitted—specifically, the two documents signed by Dr. Savage and the July 2019 MRI report. In her view, that additional evidence was enough to establish a "reasonable probability that it would change the outcome of the decision," contrary to the Council's determination. Weddington also filed a separate motion to remand pursuant to sentences four and six of 42 U.S.C. § 405(g) for the same reason.

The district court denied Weddington's motion for remand and affirmed the underlying decision denying her benefits. It explained that the Appeals Council neither failed to consider the evidence submitted by Weddington nor erroneously denied her request for review based on that evidence. Remand was therefore not proper under sentence four of § 405(g). And because Weddington had failed to submit new, noncumulative, material evidence before the district court, a sentence-six remand was similarly inappropriate. The court therefore determined that Weddington could not show "any error in the Commissioner's decision or establish[] that remand is appropriate."

Weddington now appeals.

## II.

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). But we review the Commissioner's conclusions of law de novo. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The district court's denial of a motion to remand to the Commissioner is also subject to de novo review. *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

## III.

Weddington challenges both the Appeals Council's decision not to review her case and the district court order that affirmed the Commissioner's adverse decision and denied her motion to remand. We consider both in turn.

First, the Appeals Council's decision. Weddington's sole argument on appeal is that the Council "did not consider the Physical Capacity Form and the Mental Health Statement from Weddington's treating physician," Dr. Savage. But as the district court explained, the Council "explicitly noted that it considered this evidence when denying Weddington's request for review." Under the heading "Additional Evidence," the Council meticulously documented each of the new pieces of evidence submitted by Weddington, including "medical records" from "Go Medical Group dated July 10, 2018 through September 13, 2019 (26 pages), and Marshall Medical Center South dated July 30, 2019 (2

pages)." Those records include the two documents prepared by Dr. Savage, which are dated August 16, 2019 and came from Go Medical Group, and the July 30, 2019 MRI report, which came from Marshall Medical Center South. All these documents are present in the administrative record. The Appeals Council explained that Weddington's newly submitted evidence—including the documents specified above—did not establish a "reasonable probability that it would change the outcome of the decision." That is sufficient. We do not require the Appeals Council to "provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).

Second, the district court order. Weddington challenges the district court's denial of her motion to remand pursuant to sentences four and six of 42 U.S.C. § 405(g). Sentence four explains that the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). But to remand under that provision, a district court must "either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Neither of those conditions is met here. Weddington's initial brief on appeal again argues only that the Appeals Council

failed to consider the new evidence she submitted.   But as explained above, that is simply not true.  And to the extent that Weddington also argues that the Council's conclusion based on the evidence was erroneous, that argument is similarly flawed.  The two forms submitted by Dr. Savage contain very little information; as the district court bluntly put it, they "consist almost entirely of unexplained and unjustified responses to prewritten questions." Contrary to Weddington's contention on appeal, the district court did not "impl[y]" that the "'fill in the blank' one-page check box format was not a Valid Report" and was a "basis for discounting a Treating Expert Medical Opinion."  It simply observed that the documents signed by Dr. Savage offered scant information for the Council to consider.

More to the point, what little information the forms do provide is cumulative—they merely repeat the facts that led the administrative law judge to find that Weddington had "severe impairments" in the first place, without adding additional information likely to change the ultimate decision to deny Weddington benefits.[1]  While Dr. Savage indicates by his taciturn responses that Weddington suffers from physical and mental

---

[1] The district court also explained that the July 2019 MRI report was "cumulative of the four other MRIs before the ALJ showing the same medical conditions in the same vertebrae." Weddington's appeal appears to argue only that the forms signed by Dr. Savage make a material difference, but to the extent that she also considers the July 2019 MRI report to do the same, we agree with the district court's view.

limitations—a fact that the administrative law judge fully acknowledged—he provides virtually no details and gives no response to the question "What is the condition (s) causing these limitations?" Like the Appeals Council, the district court thus did not err in determining that Dr. Savage's medical opinion, even when considered in conjunction with the other evidence submitted by Weddington, was unlikely to change the outcome of her application.

The district court's decision to deny remand under sentence six of § 405(g) was also correct. A court may remand under sentence six "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In other words, Weddington must establish that "(1) there is new, noncumulative evidence"; "(2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result"; and "(3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Weddington cannot satisfy this showing. In her initial brief on appeal, she points only to the documents signed by Dr. Savage and the July 2019 MRI report as bases for a sentence-six remand. But sentence six "does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council." *Ingram*, 496 F.3d at 1269. Evidence that is

21-14096               Opinion of the Court                    9

"properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record"; it cannot form the basis of a sentence-six remand.[2] *Id.* The district court therefore did not err in denying Weddington's motion for sentence-six remand.

★     ★     ★

The order of the district court is **AFFIRMED.**

---

[2] Weddington submitted to the district court a Benefit Verification Letter she received in 2021 from the Social Security Administration as evidence in support of sentence-six remand. She does not mention the letter on appeal, except in quoting the district court's decision to deny sentence-six remand. To the extent Weddington continues to rely on the letter as a possible basis for sentence-six remand, we reiterate that "the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015). A later favorable decision, standing alone, thus cannot establish that sentence-six remand is warranted. *Id.*