**Randall L. CHANCE, Plaintiff-Appellee,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant-Appellant.**

No. 77–3311

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 2, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William L. Harper, U. S. Atty., Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., Andrew E. Wakshul, Dept. of HEW, Social Security Div., Baltimore, Md., Barbara A. Babcock, Asst. Atty. Gen., Washington, D. C., for defendant-appellant.

Richard L. Powell, Marietta, Ga., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

To qualify for disability insurance benefits under the Social Security Act, a claimant must satisfy the Act's coverage requirement, which he may do by demonstrating he had earnings upon which social security taxes were payable for at least twenty calendar quarters during the forty-quarter period that ends with the quarter in which his disability began. The question presented by this appeal is whether a claimant, in this case Randall L. Chance, may "borrow" quarters of coverage credited to him because of his military service in World War II in order to satisfy the twenty-quarter requirement, when the military service quarters do not fall within the forty-quarter period immediately preceding disability. We hold he cannot.

Randall L. Chance is a 64-year-old resident of Kennesaw, Georgia. He served in the United States Army during World War II, and thereafter worked as a civil service welder and as a self-employed land grader. On May 9, 1973, Chance suffered an inferior myocardial infarction, commonly known as a heart attack, and ceased working. On July 2, 1973, he applied for social security disability insurance benefits, alleging he became disabled on May 22, 1973 because of his heart condition. The Bureau of Disability Insurance of the Social Security Administration, Department of Health, Education, and Welfare found that Chance had only seven quarters of coverage during the relevant forty-quarter period and denied his application. Chance requested reconsideration and the Bureau affirmed its decision. On August 27, 1974, a de novo hearing was held before an administrative law judge of the Bureau of Hearings and Appeals, who affirmed the decision of the Bureau of Disability Insurance after finding that Chance had only eight quarters of coverage, and, in any event, was not disabled within the meaning of the Social Security Act. The Appeals Council affirmed the decision of the administrative law judge on June 25, 1975, the administrative law judge's decision became the final decision of the Secretary of Health, Education, and Welfare, and Chance sought review in the district court, which reversed the Secretary's decision. The Secretary now appeals.

Sections 216(i)(3)(B)(i) and 223(c)(1)(B)(i) of the Social Security Act, 42 U.S.C. §§ 416(i)(3)(B)(i) and 423(c)(1)(B)(i), provide that a claimant, in order to be insured for disability insurance benefits, must have at least twenty quarters of coverage during the forty-quarter period immediately preceding disability.[1] "Quarter

---

1. 42 U.S.C. § 416(i)(3) provides:

> (3) The requirements referred to in clauses (i) and (ii) of paragraph (2)(C) of this subsection [pertaining to when a period of disability begins] are satisfied by an individual with respect to any quarter only if—
>> (A) he would have been a a fully insured individual (as defined in section 414 of this title) had he attained age 62 and filed application for benefits under section 402(a) of this title on the first day of such quarter; and
>> (B)(i) he had not less than twenty quarters of coverage during the forty-quarter period which ends with such quarter, or
>> (ii) if such quarter ends before he attains (or would attain) age 31, not less than one-half (and not less than 6) of the quarters during the period ending with such quarter and beginning after he attained the

of coverage" is defined in Section 213(a)(2) of the Act, 42 U.S.C. § 413(a)(2), as a calendar quarter in which a claimant earned $50 or more in wages or $100 or more in self-employment income. Section 217(a)(1) of the Act. 42 U.S.C. § 417(a)(1), provides further in pertinent part:

> For purposes of determining entitlement to and the amount of any monthly benefit for any month after August 1950, or entitlement to and the amount of any lump-sum death payment in case of a death after such month, payable under this subchapter on the basis of the wages and self-employment income of any World War II veteran, and for purposes of section 416(i)(3) of this title, such veteran shall be deemed to have been paid wages (in addition to the wages, if any, actually paid to him) of $160 in each month during any part of which he served in the active military or naval service of the United States during World War II.

Thus an American serviceman's earnings while serving in World War II may count toward satisfying the Social Security Act's twenty-quarter coverage requirement.[2] The district court, in reversing the Secretary's decision, found in part that Chance

had compiled twelve quarters of coverage from his military service during 1941–1944 in World War II, which, when coupled with the eight other quarters of coverage found by the administrative law judge, gave him the twenty quarters necessary for insured status at the time he incurred his disability. Chance did not earn the quarters credited to him as a result of his military service during the forty-quarter period immediately preceding his disability, however. In effect, then, the lower court found that military service quarters of coverage are peripatetic in nature, and that a claimant may cast them forward to apply to a later forty-quarter period.

In providing quarters of coverage for World War II service, Congress intended only that veterans should have the same status for the purpose of qualifying for social security benefits as they might have had if military service had not interrupted their civilian employment. *See* S.Rep.No. 1987, 83d Cong., 2d Sess., *reprinted in* [1954] *U.S.Code Cong. & Ad.News,* pp. 3710, 3785; S.Rep.No.1669, 81st Cong., 2d Sess., *reprinted in* [1950] *U.S.Code Cong.Serv.* pp. 3287, 3307. To allow a veteran to apply his military service quarters to a forty-quarter period other than that in which they were

---

age of 21 were quarters of coverage, or (if the number of quarters in such period is less than 12) not less than 6 of the quarters in the 12-quarter period ending with such quarter were quarters of coverage;

except that the provisions of subparagraph (B) of this paragraph shall not apply in the case of an individual who is blind (within the meaning of "blindness" as defined in paragraph (1)).

42 U.S.C. § 423(c)(1) provides:

(c) For purposes of this section—

(1) An individual shall be insured for disability insurance benefits in any month if—

(A) he would have been a fully insured individual (as defined in section 414 of this title) had he attained age 62 and filed application for benefits under section 402(a) of this title on the first day of such month, and

(B)(i) if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred, or

(ii) if such month ends before the quarter in which he attains (or would attain) age 31, not less than one-half (and not less

than 6) of the quarters during the period ending with the quarter in which such month occurred and beginning after he attained the age of 21 were quarters of coverage, or (if the number of quarters in such period is less than 12) not less than 6 of the quarters in the 12-quarter period ending with such quarter were quarters of coverage; except that the provisions of subparagraph (B) of this paragraph shall not apply in the case of an individual who is blind (within the meaning of "blindness" as defined in section 416(i)(1) of this title). For purposes of subparagraph (B) of this paragraph, when the number of quarters in any period is an odd number, such number shall be reduced by one, and a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage.

2. Section 217(e), 42 U.S.C. § 417(e), provides similar wage credits for "active military or naval service . . . on or after July 25, 1947, and prior to January 1, 1957."

earned would treat a veteran differently by placing him in a privileged position with respect to other employees for the purpose of receiving disability insurance benefits. We find no evidence either from the Social Security Act or from its legislative history that Congress intended such inequality.[3] *See Jones v. Califano,* N.D.Ga., 1977 [No. 77–459A, Dec. 19, 1977]; *Berry v. Gardner,* N.D.Ill., 1967 [1966–1968 Transfer Binder] *Unempl.Ins.Rep.* (CCH) ¶ 14,890. Accordingly, the decision of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

3. In light of this holding, we need not reach the question of whether substantial evidence supports the Secretary's decision that Chance is not disabled within the meaning of the Social Security Act.