Bruce B. BURDEN, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security,[1] Defendant.

No. 6:01–CV–596–ORL–JGG.

United States District Court,
M.D. Florida,
Orlando Division.

March 7, 2002.

1. Jo Anne B. Barnhart became Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted, therefore, for Larry G. Massanari, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Bruce B. Burden, Kissimmee, FL, pro se.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for defendant.

## *ORDER*

GLAZEBROOK, United States Magistrate Judge.

Plaintiff appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] finding that Plaintiff did not have sufficient quarters of insured coverage to qualify for Title II Disability Insurance benefits.

## I. *PROCEDURAL HISTORY*

On July 16, 1991, Plaintiff protectively filed his claim for a period of disability, disability insurance benefits, and supplemental security income (SSI) benefits, claiming disability as of March 29, 1991. R. 49–51. On June 19, 1991, Plaintiff received a favorable state agency determination on his SSI application.[2] R. 13. He was denied disability insurance benefits as he did not have sufficient quarters of coverage to be insured for such. R. 13. Plaintiff filed subsequent applications for disability insurance benefits on or about June 14, 1993, May 8, 1994, and "late-1998." R. 13, 52–55, 56–60. On the 1998 application, Plaintiff obtained a favorable reconsideration determination dated April 26, 1999, using a protective filing date of July 1, 1993, based on a prior reconsideration determination. R. 14, 73. This determination found an onset date of June 19, 1991, and found Plaintiff entitled to disability insurance benefits from July 1, 1992, one year prior to his protective application date. R. 14, 73. However, Plaintiff's past due benefits were withheld and ultimately offset by his SSI benefits. R. 74.

Plaintiff requested a hearing on August 5, 1999.[3] R. 79. In a hearing decision dated March 24, 2000, the Honorable Henry U. Snavely, Administrative Law Judge ["ALJ"], found that Plaintiff was insured for disability insurance benefits through June 30, 1992, and that his disability insurance benefits from July 1992 through April 1999 were properly offset by the SSI benefits he had received since his established onset date of June 1991. R. 12–19. Plaintiff filed a request for review, which was granted by the Appeals Council. R. 8, 107–07, 111, 125–27. The Appeals Council issued its decision on August 17, 2001. R. 4–6. The Appeals Council disagreed with the ALJ's finding that Plaintiff was entitled to disability insurance benefits because (1) July 1993 should not have been considered his protective filing date; and (2) Plaintiff was not entitled to four quarters of coverage for 1990. R. 2–7, 125–26.

On June 11, 2001, Plaintiff filed his present complaint. Docket No. 1. The Commissioner answered in September 2001, after Plaintiff's claim became administratively final. Doc. No. 9. On November 21, 2001, Plaintiff filed a "Motion Briefs and Remand" in support of his appeal of the denial. Doc No. 12. On November 26, 2001, the Court denied Plaintiff's motion without prejudice to the right to seek remand in his brief. Doc. No. 13. Plaintiff filed a "Motion Briefs" in support of his complaint on November 28, 2001. Doc. No. 14. The Commissioner filed a memorandum in support of her decision that Plaintiff was not entitled to disability insurance benefits. Docket No. 15. The appeal is ripe for determination.

## II. *THE PARTIES' POSITIONS*

Plaintiff assigns essentially one error to the Commissioner: that the Commissioner erred by failing to accept documentary evidence Plaintiff provided to establish that he had amended his 1990 tax return prior to April 15, 1994.[4]

---

**2.** Plaintiff's SSI application is not in dispute and documents relating to, and including, the SSI application are therefore not included in the record. *See* R. 13.

**3.** Plaintiff apparently also filed a state court claim in July 1999, which apparently was removed to the U.S. District Court. This claim was ultimately dismissed without prejudice since Plaintiff had failed to exhaust his administrative remedies at that time. *See Burden v. Apfel*, No. 99–1021–CV–ORL–19B (M.D.Fla. March 8, 2000) (Order).

**4.** Had the Appeals Council accepted this evidence, Plaintiff would have been entitled to four quarters of coverage in 1990, which would have extended his date last insured to

The Commissioner argues that substantial evidence supports her decision to deny disability insurance benefits. First, the Commissioner argues that the she did not receive a corrected earnings statement within the three year, three month, and fifteen day period prescribed by 42 U.S.C. § 405(c)(4). Second, the Commissioner argues that Plaintiff did not prove by satisfactory evidence that he filed an amended 1990 tax return within the time limitation showing the self-employment income he alleged. Third, the Commissioner argues that Plaintiff did not meet an exception to the three year, three month, and fifteen day period because he did not have an application filed prior to that deadline (April 15, 1994) that was pending when his earnings record was corrected.

## III. THE STANDARD OF REVIEW

### A. Affirmance

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir.1995), *citing Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982) and *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *accord, Edwards v. Sullivan,* 937 F.2d 580, 584 n. 3 (11th Cir.1991).

 Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan,* 937 F.2d 580, 584 n. 3 (11th Cir.1991); *Barnes v. Sullivan,* 932 F.2d 1356, 1358 (11th Cir.1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord, Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir.1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen,* 793 F.2d 1177 (11th Cir.1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

### B. Reversal and Remand

 Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42. U.S.C. § 405(g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services,* 21 F.3d 1064, 1066 (11th Cir.1994); *accord Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir.1991); *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990). This Court may reverse the decision of the Commissioner and enter an order awarding disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala,* 985 F.2d 528, 534 (11th Cir.1993); *accord, Bowen v. Heckler,* 748 F.2d 629, 631, 636—37 (11th Cir.1984).

 The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g);

December 31, 1991, and entitled him to dis-

ability insurance benefits.

under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater,* 99 F.3d 1086, 1089—92, 1095, 1098 (11th Cir.1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson,* 99 F.3d at 1090—91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); *accord Brenem v. Harris,* 621 F.2d 688, 690 (5th Cir.1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

▪ Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler,* 732 F.2d 827, 829—30 (11th Cir.1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler,* 721 F.2d 726, 729 (11th Cir.1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984) (ALJ should consider on remand the need for orthopedic evaluation). After a sentence-four remand, the

district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson,* 99 F.3d at 1089, 1095.

▪ In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court ˙... may at any time order additional evidence to be˙ taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there˙ is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: ˙1.) that there is new, non-cumulative evidence; 2.) that the evidence is material—relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson,* 99 F.3d at 1090—92; *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir.1988); *Smith v. Bowen,* 792 F.2d 1547, 1550 (11th Cir.1986); *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986); *see˙ also Keeton v. Dept. of Health and Human Serv.,* 21 F.3d 1064, 1068 (11th Cir.1994).

▪ A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson,* 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson,* 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[5] *Id.*

---

**5.** The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. *Jackson,* 99 F.3d at 1089, 1095 n. 4 and surrounding text. In a sentence-four remand,

the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. *Id.* In a sentence-six remand, the time runs from the post-remand

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505—404.1511.

▬ The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan,* 936 F.2d 1215, 1218 (11th Cir. 1991). The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. *Ware v. Schweiker,* 651 F.2d 408, 411 (5th Cir.1981); *Demandre v. Califano,* 591 F.2d 1088, 1090 (5th Cir.1979); 42 U.S.C. §§ 416(i)(3); 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. *See, e. g., Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.1973); *Chance v. Califano,* 574 F.2d 274 (5th Cir.1978).

## V. APPLICATION AND ANALYSIS

### A. The Facts

At the time Plaintiff was awarded SSI benefits, his date last insured was determined to be December 31, 1990. R. 13. His original 1990 tax return reflected that he had worked as a self-employed grocer and sustained a loss that year. R. 87–105. As a consequence, he was not credited with any quarters of coverage in that year. The 1990 return reflected maintenance, advertising, depreciation, insurance, and util-

ity expenses associated with his business, and a capital loss from the sale of business property. R. 89, 91, 94. Although the record does not confirm Plaintiff's statements, he allegedly filed an amended 1990 tax return. This return was undated and bore an original signature, did not include the expenses and losses indicated above, and indicated self-employment income sufficient to entitle Plaintiff to four additional quarters of coverage. R. 114–21. Such quarters would extend his date last insured to December 31, 1991, which in turn, would entitle Plaintiff to disability insurance benefits based on his June 19, 1991, onset date.

### B. The Analysis

The Appeals Council properly found that the evidence did not establish that Plaintiff's amended tax return for 1990 was filed by April 15, 1994. R. 4. The Appeals Council also correctly found that there was no evidence showing that Social Security Administration records reflecting no self-employment income for that year were incorrect. R. 4–5. Furthermore, the Appeals Council correctly found Plaintiff did not meet either of the two criteria necessary to correct his earnings record after April 15, 1994. R. 5. The Appeals Council's decision is supported by substantial evidence and is decided by the proper legal standards.

Plaintiff submitted an amended tax return to the SSA that was undated and had an original, as opposed to photocopied, signature. R. 114–121. He also submitted a March 10, 1995, Internal Revenue Service (IRS) receipt, indicating that the income claimed on the amended return was credited to tax year 1992. R. 86. An IRS routing slip, dated September 29, 1998, was also submitted. R. 130. The slip indicates only that "this information was orig (*sic*) reported on April 15, 1993. We

entry-of-judgment date in the district court. *Id.*

posted the information to 1992. And it was not corrected until April 08 of this year." The Appeals Council further noted the submission of a printout from the IRS, documenting filing on April 15, 1993, of an amended or duplicate return for the tax period "December 1992." R. 131. Handwritten notations stated that the income was 1990.

The law provides for changes to an earnings record only in very limited circumstances. A request for correction of earnings record must generally be filed within three years, three months, and fifteen days after the taxable year the self-employment income was allegedly generated. *See* 42 U.S.C. § 405(c)(1)(A), (B); 20 C.F.R. § 404.802. For self-employment income, corrections can subsequently be made to agree with a timely filed tax return if satisfactory evidence shows the SSA's records are incorrect. *See* 20 C.F.R. § 404.822. If tax returns are not timely filed, self-employment income may be removed or reduced, but not increased. *Id.*

In the instant case, the three year, three month and fifteen day limit (for the 1990 tax year) was April 15, 1994. Plaintiff claims he filed his amended tax return on April 15, 1993. The Appeals Council properly found that Plaintiff did not provide evidence demonstrating that the amended 1990 tax return was filed prior to the deadline. The evidence from the IRS confirms that an amended tax return was filed on April 15, 1993, and credited to 1992. Plaintiff contends that this credit to 1992 was error, and was demonstrated by the IRS routing slip he submitted. However, as the Appeals Council noted, the IRS slip does not indicate what information was attached. Furthermore, even had the Appeals Council found Plaintiff had met the deadline, Plaintiff would have had to provide satisfactory evidence that the SSA's records were incorrect. The Appeals Council noted no evidence showing its rec-

ords reflecting no income for 1990 was incorrect, that Plaintiff had not offered any reasons for the changes on the amended return such as no expenses where previously nearly $15,000.00 of expenses had been claimed, and that as late as May 12, 1994, Plaintiff informed Social Security personnel that he had a loss in 1990. *See* R. 59. The Appeals Council decision also stated that as of August 17, 2001, (the decision date), *no official IRS receipt* showed that the amended return was filed on or before April 15, 1994. For these reasons, the Appeals Council properly found that Plaintiff's tax return had not been filed by the April 15, 1994, deadline. The Appeals Council also properly determined that even had Plaintiff's return been filed by the April 15, 1994, time limit, Plaintiff had not provided satisfactory evidence that the SSA's records were incorrect.

Adding quarters of coverage after the expiration of the three year, three month and fifteen day rule may also be accomplished if an application for monthly benefits is filed prior to the time limit, *and* satisfactory evidence is provided prior to a *final determination*, that the postings to the earnings record are incorrect. *Id.* As discussed above, satisfactory evidence was not provided that SSA's postings to Plaintiff's earnings record were incorrect. For these reasons, the Appeals Council's determination was supported by substantial evidence and comports with the proper legal standards.

## VI. CONCLUSION

For the reasons stated above, the decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment accordingly and to close the file.