[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11862
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00141-CV-RD-B

DIANE POELLNITZ,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 21, 2009)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Diane Poellnitz appeals the district court's order affirming the Commissioner's denial of her applications for disability insurance benefits, 42 U.S.C. § 405(g), and Supplemental Security Income ("SSI"), 42 U.S.C. §

1383(c)(3). On appeal, Poellnitz argues that: (1) the Administrative Law Judge ("ALJ") erred by discounting the opinions of treating and examining mental health professionals in favor of non-examining sources in determining that she possessed the residual functional capacity to perform her past work; and (2) the district court erred in refusing to remand her case to the Commissioner based on additional evidence that she first presented to the Appeals Council ("AC"). After thorough review, we affirm.

When the ALJ denies benefits and the AC denies review, we generally review the ALJ's decision as the Commissioner's final decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is more than a mere scintilla, but less than a preponderance, and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.; Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998). We will not reweigh the evidence, decide the facts anew, or make credibility determinations. Moore, 405 F.3d at 1211. Moreover, when a claimant challenges both the ALJ's decision to deny benefits and the decision of the AC to deny review based on new evidence, "a reviewing court must consider

2

whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262, 1265-66 (11th Cir. 2007). Although we generally do not review a district court's decision in social security cases, we review a district court's determination of whether remand is necessary based on new evidence de novo. See Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001).

First, we find no merit in Poellnitz's argument that the ALJ erred by discounting the opinions of treating and examining mental health professionals in favor of non-examining sources in determining that she possessed the residual functional capacity to perform her past work. An individual claiming disability and SSI benefits carries the burden of demonstrating that she is disabled. Moore, 405 F.3d at 1211. The social security regulations outline a five-step, sequential evaluation process to determine disability for both SSI and disability benefits claims. Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) whether the claimant has the residual functional capacity to perform her past relevant work; and (5) whether, in light of the claimant's residual functional capacity, age, education,

3

and work experience, there are other jobs the claimant can perform. Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

In evaluating medical opinions, the ALJ is directed to consider many factors, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d). Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless "good cause" is shown. See id. § 404.1527(d)(1), (2), (5); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discredit a physician's testimony when it is contrary to or unsupported by the evidence of record, or it is inconsistent with the physician's own medical records. Phillips, 357 F.3d at 1240-41. Accordingly, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. Moore, 405 F.3d at 1212.

4

The weight to be given a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence. See 20 C.F.R. § 404.1527(d)(3)-(4); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158, 1160 (11th Cir. 2004) (holding that the ALJ did not err in relying on a consulting physician's opinion where it was consistent with the medical evidence and findings of the examining physician). Generally, the more consistent a physician's opinion is with the record as a whole, the more weight and ALJ will place on that opinion. 20 C.F.R. § 404.1527(d)(4). Thus, the opinion of a non-examining physician is entitled to little weight when it contradicts the opinion of an examining physician. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Where, however, a non-examining physician's assessment does not contradict the examining physician's report, the ALJ does not err in relying on the non-examining physician's report. See Edwards v. Sullivan, 937 F.2d 580, 584-85 (11th Cir. 1991). Nevertheless, the opinion of a non-examining physician, standing alone, does not constitute substantial evidence. Lamb, 847 F.2d at 703.

In determining that Poellnitz could perform unskilled work in a setting involving infrequent public contact, the ALJ did not err in discounting the opinion of the examining physician, Dr. Nina Tocci, and relying on the opinion of the non-

5

examining physicians. First, the ALJ articulated specific and legitimate reasons for rejecting Dr. Tocci's assessment of marked and extreme mental limitations. As noted by the ALJ, Dr. Tocci's opinion was called into question by her own reports and by Poellnitz's statements regarding her activities of daily living. Further, Dr. Tocci's opinion not only conflicted with the mild to moderate limitations described by the three non-examining physicians -- Drs. Eno, Simpson, and Gardner -- but also with the medical records first submitted to the AC from West Alabama Mental Health Center, which had examined and/or treated Poellnitz for depression.

In addition, the opinions of the non-examining physicians were consistent with the medical evidence in the record, including information contained in Dr. Tocci's examination report, which assigned Poellnitz a Global Assessment of Functioning ("GAF") score of 55, as well as Poellnitz's reports regarding her daily functioning. So, while the overall assessments of the non-examining physicians conflict with Dr. Tocci's ultimate conclusion of severe limitations, they are actually supported by Dr. Tocci's more specific findings. Their opinions therefore are not necessarily entitled to little weight, and may constitute substantial evidence to support the ALJ's determination. See id.; Edwards, 937 F.2d at 584-85.

Moreover, the additional evidence submitted to the AC did not provide a basis for disturbing the ALJ's decision. This evidence generally showed treatment

for abdominal pain and complaints of depression and anxiety, which were already reflected in the evidence submitted to the ALJ. And while the medical records from the West Alabama Mental Health Center indicated that Poellnitz had major problems with her ability to work, they noted that she exhibited only moderate difficulties with attention, concentration, and memory, which simultaneously conflicts with Dr. Tocci's assessment and comports with the non-examining physicians' opinions that, at most, Poellnitz evinced moderate limitations in maintaining concentration, persistence, and attention. Accordingly, even in the light of the additional evidence submitted to the AC, substantial evidence supports the ALJ's decision to discount the opinion of Dr. Tocci in favor of those of the non-examining physicians.[1]

Next, we are unpersuaded by Poellnitz's claim that the district court erred in refusing to remand her case to the Commissioner based on additional evidence that she first presented to the AC. Generally, a claimant is allowed to present new evidence at each stage of the administrative process. See 20 C.F.R. § 404.900(b); Ingram, 496 F.3d at 1260-61. The AC must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action,

---

[1] Notably, contrary to Poellnitz's suggestion, the district court did not ignore her history of depression. Rather, it determined that Dr. Tocci's assessment of the severity of Poellnitz's symptoms and impairments was not entirely credible in light of the objective medical evidence.

7

findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. 404.970(b).

Section 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods: (1) under sentence four of the statutory provision, the court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"; or (2) under sentence six, the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Sentence-six and sentence-four remands are designed to remedy separate problems. Ingram, 496 F.3d at 1261. Sentence-six remands are "available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Id. at 1267. Sentence six "does not grant a district court the power to remand for reconsideration of evidence previously considered by the [AC]." Id. at 1269. Thus, remand to the Commissioner is warranted under sentence six when (1) new, noncumulative evidence exists, (2) the evidence is material, and (3) good cause exists for the claimant's failure to submit

8

the evidence at the administrative level. See Vega, 265 F.3d at 1218; Ingram, 496 F.3d at 1267 (noting that remand is "proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court").

In contrast, a sentence-four remand is appropriate when the evidence was properly before the Commissioner, but "the [AC] did not adequately consider the additional evidence." Ingram, 496 F.3d at 1268 (quotation omitted). Under sentence four of § 405(g), the district court must generally "consider evidence not submitted to the administrative law judge but considered by the [AC] when that court reviews the Commissioner's final decision denying Social Security benefits." Id. at 1257-58. Generally speaking, to warrant a sentence-four remand, the court must either find that the decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson v. Chater, 99 F.3d 1086, 1091-92 (11th Cir. 1996). Nevertheless, our precedent has not firmly established whether a claimant who first presents additional evidence to the AC is required to demonstrate good cause in order to warrant remand. Compare Vega, 265 F.3d at 1218-20 (applying the good-cause standard to evidence that the claimant first submitted to the AC), with Ingram, 496 F.3d at 1265-69 (criticizing Vega's application of "the standard that governs the

9

introduction of new evidence to a federal court under sentence six" and suggesting that the good-cause standard is immaterial to sentence-four situations where evidence is submitted to the AC and incorporated into the administrative record).

Contrary to Poellnitz's contention, review of the record indicates that the district court properly considered the additional evidence submitted to the AC in reviewing the Commissioner's final decision, as is required under Ingram. Although the magistrate judge did not specifically discuss the additional evidence in analyzing whether substantial evidence supported the ALJ's unfavorable decision, she expressly noted that she considered all the medical evidence contained in the record, which would include the additional evidence incorporated into the record by the AC, and explicitly considered the evidence in reviewing whether the AC erred in denying review. Thus, the district court did not err in refusing to consider the evidence first submitted to the AC.

Moreover, although we have not firmly established whether a claimant who first presents additional evidence to the AC is required to demonstrate good cause to warrant remand, Poellnitz's case would not merit remand under either possible standard. If a showing of good cause were required in sentence-four circumstances, Poellnitz would fail because the evidence was available before the ALJ's decision was rendered, and she had not proffered any reason for not presenting it at that

stage of the administrative process. Alternatively, if good cause is immaterial to the question of remand, Poellnitz has not demonstrated that the ALJ's decision was not supported by substantial evidence, or that the Commissioner incorrectly applied the relevant law. See Jackson, 99 F.3d at 1091-92. Thus, even without a good-cause requirement, Poellnitz would not merit remand to the Commissioner pursuant to sentence four of § 405(g). Accordingly, we affirm the district court's determination that remand was not warranted.

**AFFIRMED.**