[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12983
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20375-RLD


WALLACE C. JONES, JR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION, MIAMI, S REGION,

Defendant-Appellee,

ATTORNEY GENERAL OF THE UNITED STATES,

Defendant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 16, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Wallace Jones, Jr., proceeding *pro se*, appeals the magistrate judge's denial of Jones's Fed.R.Civ.P. 60(b) ("Rule 60(b)") motion seeking relief from the judgment affirming the denial of disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("the Commissioner"), 42 U.S.C. § 405(g). For the reasons set forth below, we affirm.

I.

In January 2008, Jones filed an application for DIB under Title II and Part A of Title XVIII of the Social Security Act. His claims were denied, and he requested a hearing before an administrative law judge ("ALJ"). At the hearing, the ALJ explained to Jones that it would be difficult to establish that he was disabled between 1993, the alleged onset date of his disability, and 1998, when he was last insured, in part, because he was in prison from 1994 to 2007. The ALJ reviewed with Jones the records the ALJ had with respect to the period between 1993 and 1998 and noted that, from 1993 to 1998, he only had two records, which were from 1994. The ALJ asked Jones whether he had any additional evidence to provide to the ALJ regarding the period between 1993 and 1998. Jones responded by referencing a record regarding a 1993 head injury that the ALJ then included in

2

the evidence before him.

In addition to the record concerning Jones's head injury, the medical evidence before the ALJ contained records from the Florida Department of Corrections ("DOC"). A DOC report from 2006 indicated that Jones had received seven different lab procedures between 1994 and 1997, but the remainder of the DOC's records did not reference that time period. A 2006 DOC record reflected that a physical examination of Jones showed normal results. Further, that record stated that Jones had denied previous hospitalizations, major illnesses, or prior surgeries, but had sustained head trauma in 1993.

After reviewing the evidence in the record, the ALJ found that Jones had not been under a disability through the date he was last insured because he did not suffer from a medically determinable severe impairment. The ALJ found that Jones had suffered a serious head injury in December 1993, but that the record demonstrated that he was able to resume work within a year from his discharge from the hospital. Other than positive laboratory tests for candida and mumps antibodies in 1994, there was no evidence of any impairments or limitations through the date last insured. Further, none could be inferred from the record based on the DOC record that showed that Jones's 2006 exam was entirely normal.

Jones sought judicial review in the district court. In his complaint, he

3

sought money damages, alleging due process violations related to the Commissioner's denials of DIB. The parties consented to a magistrate judge hearing the case pursuant to 28 U.S.C. § 636(c). On May 19, 2010, the Commissioner served Jones with the administrative transcript that contained the evidence that was before the ALJ.

On September 30, 2010, the magistrate affirmed the denial of DIB to Jones. In his order, the magistrate indicated that Jones had failed to cite to any statutory waiver of sovereign immunity that would allow him to recover damages from the Commissioner based on the DIB determination. Further, the denial of DIB resulting from due process violations did not give rise to a cause of action for money damages against the Commissioner.

In October 2010, Jones filed a motion seeking an extension of time to file an appeal to the district court, so that he could obtain additional medical records that he asserted that the ALJ had failed to obtain. The magistrate denied his motion because Jones had consented to the magistrate's jurisdiction to enter final judgment. Jones then filed a Rule 60(b) motion that sought relief from the magistrate's order affirming the denial of DIB and filed supplemental medical records from October 1994 through December 1998 that the ALJ had not previously considered related to his heart condition. In his motion, Jones argued

4

that the ALJ had failed to fulfill its duty to fully and fairly develop the record by obtaining medical records during his claimed period of disability. Jones also asserted that the magistrate had erred in determining that he was not entitled to damages, as the Commissioner had deprived him of his right to due process by not obtaining the records during the relevant time period.

The Commissioner responded that the magistrate should not grant Jones's motion, as he had failed to show that a sentence six remand under 42 U.S.C. § 405(g) was warranted. The magistrate agreed, finding that the records were not new because they existed at the time of the administrative proceedings, and that the ALJ fully and fairly developed the record. The magistrate noted that he had previously addressed Jones's contention that he was deprived of his constitutional right to due process and declined to re-address the issue.

## II.

On appeal, Jones argues that the magistrate abused his discretion when he found that Jones's supplemental medical records did not warrant a sentence six remand. He asserts that his supplemental medical records were new, as the ALJ had not previously considered them because of the ALJ's failure to fully and fairly develop the record. Jones argues that he met the remaining requirements for a sentence six remand. Jones further argues that the Commissioner is not protected

5

by the doctrine of sovereign immunity and that damages are recoverable because the ALJ violated his due process rights by failing to develop his medical record. Jones contends that the magistrate denied Jones his right to due process by erroneously denying his Rule 60(b) motion and by not re-addressing his argument for damages.[1]

We review the district court's denial of a Rule 60(b) motion for relief from the judgment for abuse of discretion. *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). *Pro se* pleadings are held to a less stringent standard than those that are drafted by attorneys and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

Fed.R.Civ.P. 60(b)(2) permits relief from a final judgment, order, or proceeding based on "newly discovered evidence." *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1000-01 (11th Cir. 2012). For the court to grant Rule 60(b)(2) relief, a movant

---

[1] Jones does not seek review of the magistrate's order and judgment affirming the denial of DIB and only appeals the denial of his Rule 60(b) motion. Thus, this issue is abandoned, and we do not address it further. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (providing that issues that a *pro se* appellant failed to raise in his brief were abandoned). Jones asserts that the magistrate abused his discretion in denying his Rule 60(b) motion because the Appeals Council violated his due process rights by not reviewing the ALJ's decision, such that he is entitled to damages. However, he did not raise this issue in his motion, and thus, we do not address the issue. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828 n.1 (11th Cir. 2007) (holding that we will not consider a plaintiff's *pro se* argument that was not raised in the district court and was raised for the first time on appeal).

must show that (1) the evidence was newly discovered since the final judgment; (2) the movant acted with due diligence to discover the new evidence; (3) the evidence is not merely cumulative; (4) the evidence is material; and (5) the evidence is such that a reconsideration of the final judgment would probably produce a new result. *See id.* at 1001. Where a party knows of new evidence prior to the entry of summary judgment and fails to seek a continuance to obtain the new information, he cannot persuasively argue after the entry of summary judgment that he had new evidence of which he was unaware and which might have helped him to avoid summary judgment. *Waddell*, 329 F.3d at 1310 (holding that plaintiffs had no right to Rule 60(b)(2) relief where they were aware of the "newly discovered evidence" prior to the district court's entry of summary judgment).

Sentence six of 42 U.S.C. § 405(g) is the only way in which a district court is permitted to remand a case to the Commissioner for consideration of new evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To be entitled to a sentence six remand, the claimant must show that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit

7

the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). New evidence is evidence that was not in existence or available to the claimant at the time of the administrative proceeding. *See Ingram*, 496 F.3d at 1267. However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary. *Caulder*, 791 F.2d at 876. Rather, sentence six encompasses only those instances in which the district court learns of new evidence that might have changed the outcome of that proceeding. *Ingram*, 496 F.3d at 1267.

The ALJ has a duty to develop a full and fair record before determining whether a claimant is disabled. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *see* 20 C.F.R. § 404.1510(d) (providing that the Commissioner will complete a claimant's medical history for at least the 12 months preceding the month in which the claimant filed his application unless there is reason to believe that development of an earlier period is necessary); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (providing that the ALJ was required to develop claimant's medical history for the 12 months prior to the time that claimant filed his supplemental social security income application). To demonstrate that a claimant's due process rights were violated by an ALJ's failure to develop the record, the claimant must show prejudice. *See Brown*, 44 F.3d at

8

935.  In evaluating whether a claimant has shown prejudice, we examine whether the record reveals evidentiary gaps which result in unfairness.  *Id.*  The claimant, however, bears the burden of proving that he is disabled, and thus, remains responsible for producing evidence in support of his claim.  20 C.F.R. § 404.1512(a), (c); *Ellison*, 355 F.3d at 1276 (providing that claimant, who sought supplemental social security income, remained responsible for producing evidence in support of his claim).

Jones has failed to show that he is entitled to Rule 60(b)(2) relief.  Jones first became aware of the fact that the record before the ALJ was missing medical records when the Commissioner, during the proceedings before the magistrate, provided Jones with the transcript of the administrative proceedings in May 2011.  Despite being aware of this evidence, it was not until after the magistrate affirmed the denial of DIB in October 2011, that Jones mentioned the existence of the supplemental records to the magistrate.  Because Jones was aware of the supplemental records prior to the magistrate's entry of judgment in favor of the Commissioner and failed to seek a continuance until he could obtain the evidence, he is not entitled to Rule 60(b)(2) relief.  *See Waddell*, 329 F.3d at 1310.

Further, Jones has not shown that the evidence would change the magistrate's order affirming the denial of DIB, as required for Rule 60(b)(2) relief,

9

because he has not shown that the evidence was "new," as required for a sentence six remand. *See Ingram*, 496 F.3d at 1267. The evidence was in existence and available to him at the time of the administrative proceeding, as the records were prepared between 1994 and 1998, and Jones has not shown that, had he requested the records during the administrative proceedings, the records would be unavailable.

Jones contends that the evidence is new because it was not considered by the ALJ due to the ALJ's failure to develop the record. However, the burden remained on Jones to prove that he had a disability. 20 C.F.R. § 404.1512(a), (c); *see Ellison*, 355 F.3d at 1276. Although the ALJ had a duty to fully and fairly develop the record, the ALJ fulfilled its duty here. The Commissioner did obtain some DOC records, although, with the exception of seven irrelevant lab results, none of the reports pertained to the period of time between 1994 and 1998. Nevertheless, there is nothing from the record that was before the ALJ that indicates that the Commissioner had not obtained all of the records that were available from the DOC or that indicates that additional records from over ten years ago even existed. Rather, Jones did not appear to have much of a medical history with respect to his heart condition, as the DOC records that the Commissioner obtained indicated that, in 2006, Jones's heart was "normal" and

10

that he had not had any prior major illnesses or hospitalizations, other than those associated with a head injury. Further, during the hearing, the ALJ asked Jones whether there was any additional evidence that Jones wanted to show, other than the evidence the ALJ already had, which the ALJ indicated was two records from 1994. Jones did not inform the ALJ of the existence of additional DOC records in the case. Thus, Jones has not shown that the ALJ failed to fully and fairly develop the record in 2009 by not obtaining specific DOC records from 1994 to 1998. Accordingly, despite the fact that the additional records were not part of the record during the administrative proceedings, Jones has not shown that the evidence was "new," such that a sentence six remand was justified. As the ALJ fulfilled its duty to develop the record, Jones has not shown that his due process rights were violated in this respect. *Brown*, 44 F.3d at 935.

Next, the magistrate did not abuse his discretion in declining to re-address Jones's request for damages. The magistrate had previously determined that, even if Jones had shown a due process violation, he was not entitled to damages, and Jones has not identified any error in the magistrate's order. As the magistrate noted, Jones had not cited to any waiver of sovereign immunity that would allow him to recover from the Commissioner for any violation of Jones's due process rights during the administrative proceeding. *See Asociacion de Empleados del*

11

*Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006) (providing that the government may not be sued without its consent and that this immunity extends to federal government agencies). Further, although in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed. 2d 619 (1971), the Supreme Court held that federal officials may be sued in their individual capacities for violations of an individual's constitutional rights, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 71, 122 S.Ct. 515, 519, 521-22, 151 L.Ed.2d 456 (2001). Jones has not sued any individuals in their individual capacity. Lastly, the Supreme Court has determined that no *Bivens* remedy exists with respect to due process violations concerning improper denials of social security benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 414, 425-29, 108 S.Ct. 2460, 2463, 2468-71, 101 L.Ed.2d 370 (1988). Accordingly, the magistrate did not abuse his discretion in declining to re-examine his finding that Jones was not entitled to damages.

Finally, Jones has not shown that the magistrate violated his due process rights in denying his Rule 60(b) motion, as he has not indicated how he was deprived of an opportunity to be heard at a meaningful time and in a meaningful

12

manner.  *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, (1976) (providing that the fundamental requirement of due process is the right to be heard at a meaningful time and manner).

For the foregoing reasons, we affirm the magistrate's denial of Jones's Rule 60(b) motion.

**AFFIRMED.**