[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15187
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20375-JAL


WALLACE C. JONES, JR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
MIAMI, S REGION,

Defendant-Appellee,

ATTORNEY GENERAL OF THE UNITED STATES,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 30, 2015)

Before WILLIAM PRYOR, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wallace C. Jones, Jr. appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion for reconsideration of its denial of his motion to reopen his complaint, in which he sought review of the denial of social security disability insurance benefits ("DIB"). He argues that he presented newly discovered evidence that he could not have previously acquired with due diligence that supported his DIB application and argues that the district court ignored the evidence when it failed to remand his case to the Commissioner of Social Security ("Commissioner") under Sentences Four and Six of 42 U.S.C. § 405(g).

### I. Scope of Appeal and Motion to Reopen and Remand

We must determine *sua sponte* the scope of our jurisdiction in the instant appeal. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed.R.App.P. 3(c)(1)(B). We generally have jurisdiction to review "only those judgments, orders or portions thereof which are specified in an appellant's notice

2

of appeal." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987). Although we will "generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Id.* We may look to the record, including the parties' briefs, to determine the issues and orders an appellant intended to appeal. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (finding that the appellant clearly intended to appeal a certain district court order, despite the appellant's failure to include that order in the notice of appeal, as the appellant's brief addressed only the issues in that order, both parties fully briefed those issues, and the appellee would suffer no prejudice if the notice of appeal were construed to include the order).

The law-of-the-case doctrine generally makes the findings of fact and conclusions of law of an appellate court binding in all subsequent proceedings in the same case either in the trial court or on appeal. *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). "Furthermore, the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication" in a prior appeal. *Id.* When applied to a question of law, the law-of-the-case doctrine can be overcome only when (1) "new and substantially different evidence is produced, or there has been a change in the controlling authority; or (2) the prior decision was clearly erroneous and would

3

result in a manifest injustice." *Id.* (quotations omitted). We will not consider arguments unpresented before the district court or administrative agency. *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999).

Where a claimant seeks review of the Commissioner's final decision, the district court has two methods—each addressing a different problem—for remanding a case back to the Commissioner under 42 U.S.C. § 405(g). *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The first method, known as a Sentence Four remand, is "based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). The second method, a Sentence Six remand, is not based on error, but rather is available if new, material evidence becomes available to a claimant when the claimant could not have presented that evidence during the administrative proceeding. *Ingram*, 496 F.3d at 1267; *Jackson*, 99 F.3d at 1095.

Although Jones stated in his *pro se* notice of appeal that he was appealing the district court's order denying his latest Rule 59 motion for reconsideration, it is apparent from the issues he addressed in his initial brief that he also intended to appeal the order denying his prior motion to reopen and remand. The Commissioner has not argued that she would be prejudiced by interpreting the notice of appeal to include both orders. Accordingly, Jones's notice of appeal was

4

effective to appeal both the order denying his motion to reopen and remand and the order denying his Rule 59 motion for reconsideration. *See KH Outdoor,* 465 F.3d at 1260.

Jones's arguments for a Sentence Four remand are not properly before this Court, as he did not raise them in his motion to reopen or in his subsequent Rule 59 motion for reconsideration. *See Kelley*, 185 F.3d at 1215. In a prior appeal in this case, we disposed of Jones's current arguments regarding (1) a Sentence Six remand based on purportedly new medical evidence, and (2) various related due process violations. *See Jones v. Comm'r of Soc. Sec. Admin., Miami, S Region*, 497 F. App'x 888, 891-94 (11th Cir. 2012). Because Jones has identified no additional new evidence or a change in the law, the law-of-the-case doctrine bars these claims. *See This That & the Other Gift & Tobacco, Inc.*, 439 F.3d at 1283. Accordingly, Jones has not shown that the district court erred in denying his motion to reopen.

## II. Rule 59 Motion for Reconsideration and Due Process Claims

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Issues not addressed in a *pro se*

litigant's initial brief are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Jones has abandoned any argument that the district court erred by denying his Rule 59 motion for reconsideration, by failing to present any such argument in his appellate briefs.  *See id.*, 518 F.3d at 874.  As such, we affirm.

**AFFIRMED.**